Dayton, J.
I concur in the result reached by the court in this case, though I cannot easily relieve my mind from this difficulty. An adjournment by a justice, under the circumstances staled, operates as a discontinuance; and according to numerous decisions in New York, the case is then out of court, and the subsequent proceedings are not voidable only, but absolutely void. Wiest v. Critsinger, 4 J. R. 117 ; Taft v. Grosfent 5, J. R. 353; Proudfit v. Henman, 8 J. R. 396 ; Gamage v. Law, 2 J. R. 192; 10 Wend. 197 Kimball v. Mark.
If this be so, it is difficult to assign any satisfactory reason, why the justice who issued an execution thereon, is not techni *484 cally and legally a trespasser. These cases however, were not suits against the justice, but decisions on Certiorari, and it may be that the law is there rather, broadly laid down. At all events, the application of this strict rule, would spread general dismay, through the community. Adjournments without attendance at the time and place, designated by the summons, are (in some parts of the State if not all) of constant occurrence. The public policy of that decision which would at once subject hundreds of well meaning magistrates to actions of trespass for false imprisonment, may well be questioned. I am willing to concur in reversing the judgment.
White, J. did not hear the argument.

Judgment reversed.